**IN RE APPEAL OF MAY DEPARTMENT STORES CO.**

[119 N.C. App. 596 (1995)]

IN THE MATTER OF: THE APPEAL OF THE MAY DEPARTMENT STORES COMPANY FROM THE
APPRAISAL OF CERTAIN REAL PROPERTY BY THE FORSYTH COUNTY BOARD OF
EQUALIZATION AND REVIEW FOR 1991

No. 9410PTC58

(Filed 18 July 1995)

### Taxation § 82 (NCI4th)— valuation of department store property—use of cost approach error

It was error for the Property Tax Commission to use the cost approach in valuing petitioner's department store property, and the case is remanded for a new hearing so the Commission can redetermine the value of the subject property with emphasis on the income approach to valuation.

**Am Jur 2d, State and Local Taxation §§ 759-762.**

**Income or rental value as a factor in evaluation of real property for purposes of taxation. 96 ALR2d 666.**

Appeal by May Department Stores Company from Final Decision entered 16 August 1993 by the North Carolina Property Tax Commission sitting as the State Board of Equalization and Review. Heard in the Court of Appeals 29 September 1994.

The May Department Stores Company (Taxpayer) appeals from a decision of the North Carolina Property Tax Commission concerning the ad valorem tax value that Forsyth County (County) placed upon the Hecht's Department Store (Hecht's) located at Hane's Mall, a super regional mall, in Winston-Salem, North Carolina, for the year 1991. Hecht's is located on approximately 9.667 acres of land and consists of a three-story department store having approximately 152,000 square feet of gross building area plus paving, lighting, and other usual accessories normally associated with a department store located in a mall location. The parties stipulated and agreed that the highest and best use of the subject property is "its present use as a department store." The parties further stipulated "that the reproduction cost new of the subject improvements as of 1 January 1988 was approximately $7,591,600."

Construction of Hecht's was completed in late 1990 and it first opened as a department store in October 1990. While the parties dispute whether Taxpayer purchased the subject property from

Thalhimer's Inc. before, during or after construction of the subject improvement, it is clear that Taxpayer owned the property as of 1 January 1991.

Less than three months after Hecht's opened its doors in October 1990 to customers, Forsyth County, during its 1991 revaluation, assessed the subject property at $10,019,600.00. Taxpayer contested the County's assessment before the Forsyth County Board of Equalization and Review, which reduced the assessment to $8,497,800.00. Taxpayer had the subject property appraised by an independent appraiser, Mr. Bruce Tomlin, who, using the cost approach method of valuation, set its value at $8,200,000.00. On 22 January 1992, Taxpayer appealed the County's assessment to the North Carolina Property Tax Commission (Commission) by filing an Application for Hearing. The Commission affirmed the Board's assessment of $8,497,800.00 and on 16 August 1993, entered its Final Decision. From this Final Decision, Taxpayer appeals.

*Doody & Lafakis, Ltd., by Gregory J. Lafakis; and Manning Fulton & Skinner, P.A., by Michael T. Medford, for petitioner-appellant.*

*Forsyth County Attorney's Office, by P. Eugene Price, Jr., Davida W. Martin, and Paul A. Sinal, for respondent-appellee.*

JOHNSON, Judge.

The Commission, in making findings of fact based on the evidence, concluded that the County's appraisal of the subject property at a value of $8,497,800.00 did not exceed the true value in money of the subject property as of 1 January 1991. Taxpayer brings forward numerous assignments of error; however, this case turns on the question of whether the Commission's use of the cost approach was unlawful because it does not approximate market value as required by North Carolina General Statutes § 105-283 (1992). In a similar case filed today, *In re Appeal of Belk-Broome Co.*, No. 9310PTC1319 (N.C. App. July 18, 1995), we held that it was error for the Commission to exclusively use the cost approach in valuing the Belk property therein, and that the *income* approach should have been the primary method used to reach a value for the Belk property. However, we noted "that while the income approach is preferential a combination of approaches may be used because of the inherent weakness in each approach." *Belk*, slip op. at 6. In *Belk*, we did not "foreclose using such a combination of approaches . . . so long as the income approach [was] given greatest weight." *Id.*

Therefore, based on *Belk,* we reverse and remand this action for a new hearing so that the Commission can redetermine the value of the subject property with emphasis on the income approach to valuation. We note that in *Belk,* we commented that "[t]he cost approach is better suited for valuing specialty property or newly developed property[.]" *Id.* Given that the subject property in the instant case was newly developed property, we direct the Commission's attention to the language cited above that "a combination of approaches may be used because of the inherent weakness in each approach . . . [as] long as the income approach is given greatest weight."

Reversed and remanded.

Judges COZORT and GREENE concur.